UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| STEVEN J. HUARD | : | |
| | : | |
| v. | : | M.C. No. 08-50S |
| | : | |
| ESSEX COUNTY CORRECTIONAL CENTER, et. al. | : | |

**MEMORANDUM AND ORDER**

Before this Court is Plaintiff's pro se Motion for Appointment of Counsel and to Proceed In Forma Pauperis. (Document No. 5). The Motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); D.N.H. LR 72.1. For the reasons set forth below, Plaintiff's Motion is DENIED.

First, Plaintiff previously applied for, and was granted, in forma pauperis status in this case. (See Document No. 9). Thus, his request for leave to proceed in forma pauperis is DENIED as moot.

Second, there is no absolute right to an attorney in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23-24 (1st Cir. 1991). Before appointing an attorney, the Court must look to the type and complexity of the case, and the ability of Plaintiff to prosecute it. Id.; Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984). Plaintiff bears the burden of demonstrating that "exceptional circumstances [a]re present such that a denial of counsel [i]s likely to result in fundamental unfairness impinging on his due process rights." DesRosiers, 949 F.2d at 23. In this case, Plaintiff has not demonstrated 'exceptional circumstances' sufficient to convince the Court that he is entitled to appointed counsel in this civil action. From a review of the documents filed in this case to the present time, the Court finds that Plaintiff has the capacity to prosecute the claim, and that Plaintiff has a basic understanding of the legal procedures to be followed. Thus, the Court determines that Plaintiff does

not, at this time, meet the test for appointment of counsel and will, therefore, be required to prosecute this action by himself.

IT IS THEREFORE ORDERED, that Plaintiff's Motion is DENIED.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 27, 2008